**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Timothy Wirth,<br><br>   *Plaintiff*,<br><br>v.<br><br>Quantum Health, Inc.,<br><br>   *Defendant*. | Case No.: 6:25-cv-1147-JSS-LHP<br><br>**DEFENDANT QUANTUM HEALTH, INC.'S UNOPPOSED MOTION TO SEAL PARTS OF ERISA ADMINISTRATIVE RECORD PURSUANT TO FED. R. CIV. P. 5.2(d)** |

Defendant Quantum Health, Inc. ("Quantum Health"), pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rules 1.09(a) and 1.11 of the Local Rules of the United States District Court for the Middle District of Florida, hereby files this Unopposed Motion to Seal.

## BACKGROUND

In this case, Plaintiff Timothy Wirth asserts claims against Quantum Health under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). *See* Complaint (ECF No. 1). In short, Plaintiff alleges that Quantum Health violated ERISA § 502(a)(1)(B) (improper denial of benefits) and § 502(a)(3) (breach of fiduciary duty) by failing to approve his request for pre-service authorization of a surgical procedure. *See id.* ¶¶ 56-64.

Plaintiff also filed a Motion for a Preliminary Injunction. *See* ECF No. 13. Quantum Health's response to Plaintiff's motion was due on July 15, 2025, though Plaintiff agreed to a two-day extension of time, and Quantum Health filed an

1

Unopposed Motion for Extension of Time on July 15, 2025, seeking an extension of time to July 17, 2025, by which to file its response. *See* ECF No. 34.

In its forthcoming response, Quantum Health describes certain parts of the administrative record in this case—specifically, Plaintiff's claim submissions, Quantum Health's responses to those claim submissions, and independent reviews of Plaintiff's claim—and Quantum Health intends to attach those parts of the administrative record to a sworn declaration supporting Quantum Health's response. These parts of the administrative record contain Plaintiff's protected health information, and they are necessary for Quantum Health to fully respond to Plaintiff's Motion for a Preliminary Injunction because they are directly relevant to Plaintiff's argument that certain benefits were or should have been deemed covered under Plaintiff's health plan.

Much of the administrative record contains Plaintiff's protected health information and includes medical records relating to the claims at issue in this case, which are governed by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1301, *et seq*. ("HIPAA"). Failing to seal these records would jeopardize Plaintiff's privacy interest in his protected health information and personal medical records. Redaction, pseudonym, or a means other than sealing would be unsatisfactory because of (1) the sensitive nature of the documents and the HIPAA-protected health information; (2) the absence of a public interest in accessing such sensitive and legally protected health information in this case; and (3) the substantial burden of redacting such information from the

2

majority of documents comprising the administrative record. For that reason, Quantum Health respectfully requests the Court's leave to file these parts of the administrative record under permanent seal.

The undersigned counsel has conferred with Plaintiff's counsel, who has indicated her agreement with this approach and who does not object to the relief sought by this Motion. Quantum Health will provide the Court and Plaintiff unsealed copies of all exhibits attached to the declaration supporting Quantum Health's response to Plaintiff's Motion for a Preliminary Injunction.

## MEMORANDUM OF LAW

This case involves judicial review of a benefits determination under ERISA. In ERISA cases like this, the Court must review the administrative record compiled by the Plan and/or the Plan's claims administrator. *See Lee v. Blue Cross/Blue Shield of Ala.*, 10 F.3d 1547, 1550 (11th Cir. 1994); *see also Hunley v. Hartford Life & Accident Ins. Co.*, 712 F.Supp.2d 1271, 1279 (M.D. Fla. 2010) ("The court's task in reviewing ERISA claims is limited to the administrative record that was available to the decision-maker."). A district court has discretion to determine which parts of the record should be sealed, though its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235 (11th Cir. 2013). That presumption of public access "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Here, certain components of the administrative record are replete with Plaintiff's medical records and protected health information, which serves as "good cause" to seal those parts of the administrative record. Allowing public access to Plaintiff's protected health information in the administrative record may harm Plaintiff's legitimate privacy interests in his personal medical information. *See Hans-Atchison v. Anthem Insurance Companies, Inc.*, Case No. 6:24-cv-586-ACC-LHP, 2024 WL 4956726, at *1 (M.D. Fla. Nov. 13, 2024) (granting motion to seal administrative record in ERISA case, and "find[ing] good cause to permit the administrative record to be filed under seal"); *Mathews v. Cole*, Case No. 6:21-CV-808-WWB-EJK, 2023 WL 1102653, at *1 (M.D. Fla. Jan. 30, 2023) (concluding that maintaining an individual's right to privacy over their medical information constitutes good cause for keeping the documents from public view) (citing *Pena v. Marcus*, Case No. 6:15-CV-69-ORL-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016)). Maintaining these parts of the administrative record under permanent seal would not impair court functions, and the information does not concern public officials or public concerns. *See Romero*, 480 F.3d at 1246. There is not a less onerous alternative to sealing the documents that would protect Plaintiff's privacy interests, and redacting all of the personal health information in the administrative record would make it incomprehensible. Given the sensitive nature of Plaintiff's protected health information, Quantum Health respectfully requests that this Court allow it to file certain parts of the administrative record under permanent seal for the entirety of this lawsuit.

Quantum Health will serve unsealed versions of these documents to Plaintiff's counsel, whose name, mailing address, email address, and telephone number are set forth in the service list below. *See* Local Rule 1.11(c)(6). Quantum Health is unaware of any non-party who has an interest in establishing or maintaining the seal. *See* Local Rule 1.11(c)(7). Quantum Health has included the subject parts of the administrative record with this Motion under seal pending an Order resolving this Motion. *See* Local Rule 1.11(c)(8). Further, Quantum Health will move for appropriate relief to prevent the sensitive content of the administrative record from appearing on the docket at the conclusion of this case, and before the ninety-day expiration of the seal. *See* Local Rule 1.11(e).

WHEREFORE, Quantum Health respectfully requests that the Court grant its Motion to Seal and allow Quantum Health to file certain parts of the administrative record under permanent seal.

## **LOCAL RULE 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that the parties have conferred in good faith regarding the underlying Motion and relief sought, and counsel for Plaintiff has agreed to the relief sought herein.

*/s/ Paul M. Shapiro*
Paul M. Shapiro, Admitted *Pro Hac Vice*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: July 16, 2025 | **TAFT STETTINIUS & HOLLISTER LLP** |

By: */s/ Paul M. Shapiro*
    Gregory S. Weiss (FL Bar No. 163430)
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 655-2250
gweiss@taftlaw.com

–and–

Paul M. Shapiro (*admitted pro hac vice*)
2200 IDS Center
80 South Eighth St.
Minneapolis, MN 55402
T: (612) 977-8400
pshapiro@taftlaw.com

David J. Butler (*admitted pro hac vice*)
41 South High St., Suite 1800
Columbus, OH 43215
T: (614) 221-2838
dbutler@taftlaw.com

***Attorneys for Defendant Quantum Health, Inc.***

6

## CERTIFICATE OF SERVICE

      I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

                                                                   _/s/ Paul. M. Shapiro_
                                                                 Paul M. Shapiro (*admitted pro hac vice*)

**SERVICE LIST:**

**Justin R. Cochran**
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602-5838
jcochran@zuckerman.com
Tel. (813) 221-1010
*Counsel for Plaintiff*

**Jason Cowart**
**Nell Z. Peyser**
ZUCKERMAN SPAEDER LLP
485 Madison Ave, 19th Floor
New York, NY 10022
jcowart@zuckerman.com
npeyser@zuckerman.com
Tel. (212) 704-9600

**D. Brian Hufford**
THE HUFFORD LAW FIRM PLLC
76 Midland Avenue
Rye, NY 10580
dbhufford@huffordlawfirm.org
Tel. (614) 371-3657

*Counsel for Plaintiff*

174327594v2