# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TIMOTHY WIRTH,

           Plaintiff,

v.                                    Case No:   6:25-cv-1147-JSS-LHP

QUANTUM HEALTH, INC.,

           Defendant

_____

## ORDER

This cause comes before the Court on Defendant Quantum Health, Inc.'s Unopposed Motion to Seal Parts of ERISA Administrative Record Pursuant to Fed. R. Civ. P. 5.2(d). Doc. No. 36. On review, and for the reasons that follow, the motion will be granted.

This case concerns Plaintiff's claims against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging improper denial of benefits and breach of fiduciary duty regarding a health plan. Doc. No. 1. Plaintiff has filed a motion for a preliminary injunction. Doc. No. 13. Defendant's response is due today. *See* Doc. No. 35. With its response, Defendant seeks to file portions of the ERISA administrative record, to address Plaintiff's argument that

certain benefits were or should have been deemed covered under Plaintiff's health plan. Doc. No. 36, at 2. Those portions of the administrative record (which include claim submissions), however, contain Plaintiff's protected health information and medical records governed by the Health Insurance Portability and Accountability Act ("HIPAA"). *Id.* at 2–3, 4. Defendant says redaction would be impracticable, and sealing is necessary. *Id.* at 2–3. Plaintiff agrees. *Id.* at 5.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Upon review, the Court finds good cause to permit portions of the administrative record to be filed under seal in support of Defendant's forthcoming response. *See, e.g., Hans-Atchison v. Anthem Ins. Companies, Inc.*, No. 6:24-cv-586-ACC-LHP, 2024 WL 4956726, at *1 (M.D. Fla. Nov. 13, 2024) (permitting ERISA administrative record containing personal health information to be filed under seal); *Vaughn v. Aetna Life Ins. Co.*, No. 1:16-CV-1107-WSD, 2018 WL 2266909, at *8–9 & n.15 (N.D. Ga. May 17, 2018) (same); *see also Mottert v. Union Sec. Ins. Co.*, No. 8:17-cv-998-T-36AEP, Doc. No. 29 (M.D. Fla. Mar. 7, 2018) (permitting ERISA administrative record to be filed under seal).    Accordingly, it is **ORDERED** as follows:

1.    Defendant's Unopposed Motion to Seal Parts of ERISA Administrative Record (Doc. No. 36) is **GRANTED**.

2.    With its response to the motion for preliminary injunction, Defendant shall submit under seal the portions of the administrative record set forth in the motion.

3.    This seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.    *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties